**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-20404
Summary Calendar

ADAM KOLOJACO; NORMA SUE KOLOJACO,

Plaintiffs-Appellants,

versus

FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-94-1896)

February 25, 1997

Before POLITZ, Chief Judge, DAVIS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Adam and Norma Sue Kolojaco appeal from the denial of their motion to vacate the district court's order of eviction. Finding their contentions to be without merit, we affirm.

Background

This litigation presents a classic demonstration of how not to proceed

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

judicially in the enforcement of a claim.

On April 5, 1994 the Federal Home Loan Mortgage Corporation foreclosed on property owned by the Kolojacos. The Kolojacos refused to leave the property and the FHLMC sought to acquire possession by bringing a forcible entry and detainer proceeding in a Texas justice court. At about the same time, the Kolojacos filed a suit in Texas state court for wrongful foreclosure which the FHLMC removed to federal court under 12 U.S.C. § 1452(f). In the justice court suit the Kolojacos moved to dismiss the forcible entry and detainer action, contending that legal title to the property was at issue in the federal wrongful foreclosure action, and the justice court, empowered only to adjudicate the right to possession, lacked jurisdiction. The justice court granted their motion and dismissed the cause for lack of subject matter jurisdiction.

In the federal court action the Kolojacos, apparently under the mistaken belief that the justice court's order of dismissal was a judgment on the merits in their favor, moved to dismiss their claims against the FHLMC. The trial judge granted that motion and thereafter held that the FHLMC had legal title to the property and that the Kolojacos had relinquished their claim to possession thereof. The trial judge also found in favor of the FHLMC on its counterclaim seeking lost rents and litigation costs. The Kolojacos appealed.

The Kolojacos subsequently filed a Chapter 13 bankruptcy petition and all proceedings were stayed until the bankruptcy court entered an order terminating the automatic stay. The Kolojacos then voluntarily dismissed their appeal of the

adverse judgment in favor of the FHLMC. The FHLMC, which had not yet acquired possession of the property, then returned to the federal district court and obtained an order of eviction and a writ of assistance. The Kolojacos moved to vacate the order of eviction, which was denied by the district court. The Kolojacos appeal the denial of that motion.

Analysis

The Kolojacos contend that the FHLMC was precluded from seeking possession of the property in federal court because the Texas justice court had already decided that the Kolojacos were in legal possession of the property. This is a manifestly frivolous claim. The justice court dismissed the case before it for lack of subject matter jurisdiction. It did not reach the merits. The justice court did not adjudicate the issue of possession. Its order, therefore, has no preclusive effect.[1]

The Kolojacos also claim that the federal court lacks jurisdiction to determine their legal right to possession because that power belongs exclusively to the Texas justice courts. That contention also is without merit. Federal district courts have original jurisdiction over all civil actions involving the FHLMC.[2] The litigation involving title to and possession of the property obviously was a civil action and the district court clearly had the requisite jurisdiction. The eviction

---

[1] See **Deckert v. Wachovia Student Fin. Servs., Inc.**, 963 F.2d 816 (5th Cir. 1992) (explaining that Texas courts have held in various contexts that a dismissal for lack of subject matter jurisdiction is not a determination on the merits and is therefore not entitled to preclusive effect).

[2] 12 U.S.C. § 1452(f).

order is merely the district court's enforcement of its prior judgment. The Kolojacos dismissed their claims challenging the FHLMC's rights in the property and then withdrew their appeal from the district court's dispositive judgment. They cannot now contest the merits of that decision in the guise of challenging the eviction order.

The judgment of the district court is AFFIRMED.